**Vanessa ARMSTRONG, Appellant,**

v.

**ACCREDITING COUNCIL FOR CONTINUING EDUCATION AND TRAINING, INC., et al., Appellees.**

**No. 97–5316.**

United States Court of Appeals, District of Columbia Circuit.

June 4, 1999.

Before: HENDERSON, RANDOLPH and TATEL, Circuit Judges.

### *ORDER*

PER CURIAM:

On consideration of appellant's petition for rehearing, it is

**Ordered** by the court that the petition be denied and that the slip opinion filed herein on March 23, 1999 (reported at 168 F.3d 1362) be amended as follows:

On page 4 of the slip opinion (168 F.3d at 1364–65), delete the first two sentences of the paragraph beginning "To further encourage ..." and replace them with the following:

Congress also excluded GSLP loans from the Truth in Lending Act ("TILA"), *see* Pub.L. No. 97–320, sec. 701(a), § 1603, 96 Stat. 1469, 1538 (1982), and the FTC stopped enforcing its so-called "Holder Rule" against GSLP lenders. *See* Federal Appellee's Br. at 25 ("1982 TILA amendments exempting student loans from TILA coverage convinced both courts and FTC staff that the Holder Rule thereafter no longer applied to GSLP loans."). Adopted by the FTC in 1976, . . . .

On page 6 (168 F.3d at 1365), in the first full sentence, replace the phrase stating "together with the FTC's renewed enforcement policy" with "together with the FTC's decision to enforce the Rule with respect to guaranteed student loans."

On page 10 (168 F.3d at 1368), delete the two sentences following the sentence stating "We think appellees have the better of this argument" and replace them with the following:

In 1982, Congress expressly exempted student loans from the Truth in Lending Act. At that point, because the Holder Rule incorporated TILA's definitions and was therefore considered limited to credit transactions covered by TILA, *see* 16 C.F.R. § 433.1(d), (e), the FTC stopped enforcing the Holder Rule with respect to GSLP loans. In a letter dated April 12, 1990, FTC staff, reiterating advice given in an earlier letter, de-

---

scribed its "current enforcement position" as "[GSLP] loans would not be covered by the Holder Rule." Letter from John F. LeFevre, Program Advisor, Federal Trade Commission, to Joseph Esposito, Akin, Gump, Strauss, Hauer & Feld (Apr. 12, 1990). Although this advice was later "retracted," *see* Letter from John F. LeFevre to Joseph Esposito (June 20, 1990), that retraction related to future enforcement, and nothing in either it or elsewhere in the record contradicts the government's statement that the FTC stopped enforcing the Holder Rule against GSLP lenders after the 1982 TILA Amendments. Not until after Armstrong obtained her loan. . . .

On page 11 (168 F.3d at 1368), replace the words "nonenforcement policy" in the second sentence of the full paragraph with "nonenforcement of the Holder Rule."

On page 14 (168 F.3d at 1370), amend the last sentence on the page beginning "In letter rulings . . ." to read: "In letter rulings discussing circumstances closely mirroring the facts of this case, *see Maljack Prods., Inc. v. Motion Picture Ass'n of America, Inc.,* 52 F.3d 373, 375 (D.C. Cir.1995) (on motion to dismiss we accept the facts alleged in the complaint as true), the Secretary. . . ." In addition, after the citation to "Letter from Larry Oxendine to John E. Dean (Feb. 20, 1991)" on page 15, add the following: "; *see also* 57 Fed.Reg. 60,304 ("The Secretary has also decided to describe an 'origination relationship' as a special business relationship between a school and a lender so as to distinguish it from the relationship that exists between these parties as part of the normal loan processing and delivery system.")."